IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 3:18-CR-36-TAV-DCP |
| CODIE D. HICKMAN, | ) | |
| JOHN W. COOPER, and | ) | |
| MARK ROUSE, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. The parties appeared for a motion hearing on November 13, 2018, on the following motions by Defendant Rouse,[1] all filed on October 22, 2018:

(1) Motion to Compel Government to Provide Defendant with Exhibit and Witness List in Advance of Trial [Doc. 245];

(2) Motion for Hearing to Determine Existence of Conspiracy [Doc. 247];

(3) Motion for Pretrial Notice of Government's Intent to Use 404(b) Evidence [Doc. 249]; and

(4) Motion for Pretrial Notice of Government's Intent to Use 609 Impeachment Evidence [Doc. 250];

---

[1] The Court also heard and granted [Doc. 263] Defendant Timothy Walker's Motion to Extend Motions Deadline. Defendant Walker did not join in the motions filed by Defendant Rouse.

Defendants Codie Hickman [Doc. 251] and John Cooper [Doc. 254] both moved to join in these motions. Assistant United States Attorney Caryn L. Hebets appeared on behalf of the Government. Attorney Gerald L. Gulley, Jr., represented Defendant Hickman. Attorney Michael P. McGovern appeared on behalf of Defendant John Cooper. Attorney Cullen M. Wojcik represented Defendant Rouse. Attorney Robert R. Kurtz represented Defendant Timothy Walker. Defendants Walker, Hickman, and Cooper were present for the hearing, and Defendant Rouse was excused. After hearing the arguments of counsel, the Court took the motions under advisement.

For the reasons discussed in full below, the Court finds that the pretrial disclosure of the Government's witnesses and exhibits is not warranted in this case. The Court also finds no reason to depart from the historical method employed by this Court of permitting the Government to introduce coconspirator statements subject to proving the existence of the conspiracy by the close of its case-in-chief. Finally, the Court finds, and the parties agree, that timing of Rule 404(b) and other disclosures required in the Court's Order on Discovery and Scheduling [Doc. 17] are sufficient in this case.

## I.     ADOPTION OF MOTIONS

Defendants Hickman and Cooper have moved [Docs. 251 & 254] to join in the pretrial motions filed by Defendant Mark Rouse, because these motions apply to them as well. The undersigned permitted Defendants Hickman and Cooper to join in Defendant Rouse's motions at the motion hearing. While the Court has had the motions under advisement, Defendant Rouse signed a plea agreement [Docs. 272 & 273] and is scheduled to change his plea on February 5, 2019. Accordingly, the Court finds Defendant Rouse is no longer proceeding to trial. Although this change in circumstances would normally render the instant motions moot, the motions are still pursued by Defendants Hickman and Cooper. The motions [**Docs. 251 & 254**] of Defendants

Hickman and Cooper to adopt the pretrial motions of Defendant Rouse are **GRANTED**. The Court will rule upon the pending pretrial motions as to Defendants Hickman and Cooper.

## II. PRETRIAL NOTICE OF THE GOVERNMENT'S WITNESSES AND EXHIBITS

The Defendants ask [Doc. 245] the Court to order the Government to provide a witness and exhibit list to defense counsel at least thirty days before trial. They contend that pretrial disclosure of the Government's witnesses and exhibits is necessary in this case due to the large number of codefendants and other uncharged coconspirators, the length of the conspiracy, and the volume of discovery. Based upon these factors and the absence of any prejudice to the Government, the Defendants argue the Court should use its discretion to order a pretrial witness and exhibit list in order to insure their right to a fair and speedy trial, the effective assistance of counsel, and due process. The Government objects [Doc. 257] to pretrial disclosure of its witnesses or exhibits, arguing that the case law in this Circuit does not require such disclosure, the factors advocated by the Defendants are not binding on this Court, and the Defendants have not shown a particularized need for a witness or exhibit list.

At the motion hearing, Mr. Wojcik[2] argued that the Superseding Indictment charges twenty codefendants and unnamed "others" with conspiracy to distribute methamphetamine. He stated that despite his review of the discovery in this case, he does not know the identity of the unindicted coconspirators. Mr. Wojcik maintained that provision of a witness list would not prejudice the Government and would prevent the Defendants, who face a mandatory minimum sentence of ten years in prison, from trial by ambush. Mr. Wojcik stated that the Western District of New York

---

[2] At the motion hearing, Mr. Wojcik and Mr. Gulley each argued one of the pending motions for the Defendants collectively. Mr. McGovern argued two of the motions on behalf of all three Defendants. Thus, the Court includes Mr. Wojcik's arguments, even though his client has signed a plea agreement.

3

requires the government to produce a witness list thirty days before trial in every criminal case, *see United States v. Zhuta*, No. 09CR357A, 2011 WL 1330855, at *3 (W.D.N.Y. Apr. 6, 2011), which demonstrates that notice of the government's witnesses produces no ill effects in most cases. He argued that his client poses no danger to the Government's witnesses and that, to the extent that other codefendants present a danger, proactive remedies, such as a protective order, and the threat of additional charges would prevent witness tampering.

AUSA Hebets opposed pretrial production of a witness or exhibit list. She argued that the Defendants have not shown a particular need for this information. She observed that the Court's Order on Discovery and Scheduling already encourages early production of Jencks Act materials and that she normally produces these materials one week before trial. She objected to disclosing the Government's witnesses earlier than that due to the potential for intimidation. She noted that early disclosure raises the possibility of threats, intimidation, assault in jail, physical harm to confidential informants, and witnesses no longer willing to testify. She stated that the Defendants would not be ambushed, because they would get the information well in advance of the witnesses' testimony, which is the time the case law requires her to provide it.

AUSA Hebets argued, that although not binding on this Court, the factors mentioned in the Defendants' legal memorandum weigh in favor of nondisclosure: Drug trafficking is violent. Defendants Hickman and Cooper have a criminal history involving assaultive offenses. Disclosure of witnesses' identity presents a realistic possibility that the witnesses will not testify at trial. In this regard, AUSA Hebets stated that she assures cooperating defendants that she will not disclose their identity unless and until absolutely necessary, i.e., when their trial testimony is needed, and that this assurance is part of their decision to enter into a plea agreement. AUSA Hebets stated that although the conspiracy occurred over one and one-half years, the discovery is well organized

4

Case 3:18-cr-00036-TAV-DCP Document 283 Filed 12/17/18 Page 4 of 17
PageID #: 1894

and can be followed chronologically.  Finally, she stated that while the Defendants may have limited funds with which to investigate and prepare for trial, this case does not involve experts, data analysts, or interpreters.  Thus, she contended that pretrial disclosure is not warranted in this case.

In response to the Government's argument, Mr. Gulley stated that Defendant Hickman was charged with but not convicted of burglary of an automobile.  Thus, he felt it was a stretch to say Defendant Hickman had a violent criminal history.  Mr. Wojcik said that he had no specific proposal for a protective order but would be willing to develop one.

As a general rule, the government is not required to disclose the names of its witnesses before trial.  *See United States v. Perkins*, 994 F.2d 1184, 1190 (6th Cir.), *cert. denied*, 510 U.S. 903 (1993); *United States v. McCullah*, 745 F.2d 350, 353 (6th Cir. 1984); *see also United States v. Turner*, 91 F. App'x 489, 491 (6th Cir. 2004) (holding that a "defendant in a non-capital case . . . is not entitled to know in advance of trial who will testify for the government").  *But see Roviaro v. United States*, 353 U.S. 53, 60-64 (1957) (holding that the informer's privilege does not prevent the disclosure of the identity of active participants in the crime).  This general rule is tempered by the government's obligation under *Brady v. Maryland*, 373 U.S. 83, 87 (1963), to provide the defendant with information that is favorable to his defense and material to either guilt or punishment.  The government "acts at its own peril" if it fails to provide *Brady* materials in a timely fashion.  *United States v. Presser*, 844 F.2d 1275, 1281 (6th Cir. 1988).

The Court has discretion to order the Government to produce discovery not required by Federal Rule of Criminal Procedure 16, including a witness or exhibit list, pursuant to its inherent powers.  *United States v. Kendricks*, 623 F.2d 1165, 1168 (6th Cir. 1980) (holding that the district court has the discretion to order the prosecution to produce a witness list); *Presser*, 844 F.2d at

5

Case 3:18-cr-00036-TAV-DCP  Document 283  Filed 12/17/18  Page 5 of 17
PageID #: 1895

1285 n.12 (observing that "a trial court may have some inherent power to enter specific orders compelling the disclosure of specific evidence when justice requires it"); *see also United States v. Powell*, No. 12–20246, 2012 WL 6096600, *6 (E.D. Mich. Dec. 7, 2012) (observing that the district court has discretion to order the government to produce a witness list).

> As a general matter, courts weigh the interests of a defendant in receiving the witness list against the government's countervailing interest in keeping the witness information undisclosed. In balancing these interests, courts have considered the following factors: (i) whether disclosure of the witness list would expedite trial and facilitate docket control, *see United States v. Jackson*, 508 F.2d 1001, 1007 (7th Cir. 1975); (ii) whether disclosure would cause a security issue for the government witnesses, *see United States v. Watson*, 787 F.Supp.2d 667, 674–675 (E.D. Mich. 2011); (iii) the amount of time the defendant already had to research potential witnesses and prepare for investigation, *see United States v. Williams*, No. 06–CR–20411, 2010 WL 272082, at *2 (E.D. Mich. Jan. 15, 2010); and (iv) whether the government previously turned over information with the identities of government witnesses. *See Watson*, 787 F. Supp. 2d at 674.

*Powell*, 2012 WL 6096600, at *6.

In the instant case, the Court finds the factors enumerated in *Powell* weigh against disclosure. First, although disclosure of a witness list may serve to expedite the trial, the Court has already encouraged the Government, in the Order on Discovery and Scheduling [Doc. 17, ¶O], to disclose Jencks Act materials pretrial. AUSA Hebets states that she normally provides this information one week before trial. The Court finds that the pretrial disclosure of Jencks Act materials will similarly serve to expedite the trial. With regard to the second factor, the Court finds the potential for witness intimidation to weigh in favor of nondisclosure of a witness list in this case. The Superseding Indictment [Doc. 24] charges a large drug-trafficking conspiracy, occurring over a seventeen-month period, and alleges that firearms were used in furtherance of the

6

conspiracy.[3]  While only three codefendants, including Defendant Rouse, are released pending trial, the Government makes a compelling argument about the potential danger to incarcerated cooperating witnesses.

The Court finds that the third and fourth *Powell* factors also weigh against the provision of a witness or exhibit list.  Defendants Hickman and Cooper will have approximately ten months to prepare for trial.  Although the discovery in this case is significant and involves four months of wiretapped telephone conversations, the Government contends that the discovery is well organized and laid out chronologically.  Finally, the Court again notes that AUSA Hebets typically provides the Jencks materials, which will reveal the Government's witnesses, seven days before trial.

The Court finds that it should exercise its discretion to order the parties to disclose their witnesses significantly in advance of trial only in the rare and unusual case.  While this case involves significant discovery, the Court finds that the potential for witness intimidation serves to shift the balance in favor of the Government on this issue.  Finally, with regard to the Defendants' request for the Government's exhibit list, the Court finds the Defendants have not shown any particular or specialized need for notice of the Government's exhibits thirty days before trial.  As it does in every case, the Court encourages counsel to meet in advance of trial to review the trial exhibits with a view toward stipulating the admissibility of as many exhibits as possible.  Such stipulations are due to the trial judge at least five business days before trial.  Accordingly, the Defendants' joint motion [**Doc. 245**] for the Court to order the Government to disclose a witness and exhibit list at least thirty days before trial is **DENIED.**

---

[3] The Court notes that Defendants Mark Rouse, Codie Hickman, and John Cooper do not have firearms charges.

## III. PRETRIAL HEARING TO ESTABLISH CONSPIRACY

The Defendants move [Doc. 247] for a pretrial hearing, pursuant to *United States v. James*, 590 F.2d 575 (5th Cir.), *cert. denied*, 442 U.S. 917 (1979), and *United States v. Vinson*, 606 F.2d 149, 153-53 (6th Cir. 1979), at which the Government must prove that the conspiracy existed before it may introduce coconspirator statements in its case-in-chief at trial. They argue that a pretrial hearing to establish the existence of the conspiracy is the most effective method to determine the admissibility of coconspirator statements, while protecting their constitutional rights. They also contend that a pretrial hearing is the only sure way to protect against unfair prejudice from inadmissible hearsay and to protect their Sixth Amendment right to confrontation of witnesses. The Government opposes [Doc. 258] a pretrial hearing, contending that admission of coconspirator statements at trial subject to a later demonstration of their admissibility is a practice that is approved by the Sixth Circuit, traditionally employed in this District, conserves judicial resources, and has not heretofore caused mistrials or other adverse effects.

At the motion hearing, Mr. Gulley argued that a pretrial hearing to determine the existence of the conspiracy and, more importantly, the Defendants' involvement therein, is specifically approved in this Circuit and is appropriate in this case. He maintained that thirteen of the twenty codefendants have plea agreements. Mr. Gulley said that the facts stipulated in those plea agreements mention Defendant Hickman once, Defendant Mark Rouse once, and Defendant John Cooper three times. He noted, in contrast, that Defendant Leonard Brown is mentioned eight times, Defendant Derrick Seals is mentioned nine times, and Defendants Amber Shore and Joseph Rouse are each mentioned four times. Mr. Gulley argued that this suggests that Defendants Hickman, Mark Rouse, and John Cooper are relative outliers with regard to the alleged conspiracy. He contended that a pretrial hearing is necessary in this case, in order to avoid spillover prejudice

8

Case 3:18-cr-00036-TAV-DCP   Document 283   Filed 12/17/18   Page 8 of 17
PageID #: 1898

and to protect the rights of the instant Defendants.  Mr. Gulley maintained that a pretrial hearing would not allow the Defendants to learn all of the Government's witnesses or the minutia of its evidence.  He argued that the need for efficiency and economy does not outweigh the Defendants' right to a fair trial.  Accordingly, Mr. Gulley asserted that there is more reason than not to conduct a pretrial hearing in this case.

AUSA Hebets responded that the codefendants' plea agreements do not contain all of the facts of the case and whether a particular Defendant is named in the codefendants' plea agreements and how often is not relevant to the need for a pretrial hearing on the existence of the conspiracy.  She stated that the Sixth Circuit has approved three methods of laying the foundation for coconspirator statements:  A pretrial hearing, requiring the government to produce nonhearsay evidence of the conspiracy before introducing the coconspirator statements at trial, and admitting the coconspirator statements subject to a later demonstration of their admissibility.  AUSA Hebets stated that the third option is the preferred option in this District and had not caused problems in previous trials of large drug-trafficking conspiracies.  She argued that it is not a matter of money or trying to "hide the ball," but in cases like this one, the preferred method in this District is the more practical approach, because it avoids having in essence two trials.

The Court asked whether the grand jury's finding of probable cause that a conspiracy occurred with respect to each named defendant obviates the need for a pretrial hearing at which the Government must show the existence of the conspiracy by a preponderance of the evidence.  Mr. Gulley argued such a finding would render the holding in *Vinson* meaningless.  He also observed that, in a pretrial hearing, unlike in grand jury proceedings, the trial judge has a chance to evaluate the credibility of the Government's witnesses.  Mr. Wojcik argued that probable cause

9

Case 3:18-cr-00036-TAV-DCP   Document 283   Filed 12/17/18   Page 9 of 17
PageID #: 1899

is a lower standard than preponderance of the evidence and that, unlike in a pretrial hearing, witnesses testifying before the grand jury are not subject to cross-examination.

The Federal Rules of Evidence require that for a statement of a coconspirator to be admissible non-hearsay, the statement must be "made by the party's coconspirator during and in furtherance of the conspiracy." Fed. R. Evid. 801(d)(2)(E). The Sixth Circuit has approved three procedures for resolving the admissibility of alleged coconspirator statements: (1) holding a pretrial hearing, (2) requiring at trial that the government present evidence of the conspiracy before presenting the coconspirator's statement, and (3) allowing the government to present the statement before proving the conspiracy at trial but instructing the jury that the government must prove the conspiracy before it can consider the statement. *Vinson*, 606 F.2d at 152-53 (6th Cir. 1979) (citing *United States v. Enright*, 579 F.2d 980 (6th Cir. 1978)). The Defendants ask for the first of these options, a pretrial hearing. The Court observes that it is the historical practice in this District to use the third of the three options, which the Court will refer to as the provisional admission option. The Defendants argue that a pretrial hearing is the most efficient way to protect their right to due process and to confront the witnesses against them. They maintain that a pretrial hearing is particularly necessary in this case, because the Government's evidence that these particular Defendants were a part of the conspiracy is minimal, as reflected in the factual bases in the codefendants' plea agreements.

Our Court of Appeals for the Sixth Circuit has observed that pretrial hearings have the disadvantage of being "burdensome, time-consuming and uneconomic." *Vinson*, 606 F.2d at 152 (footnote omitted). Nevertheless, "a trial judge, in the exercise of his discretion, may choose to order the proof in this manner if the circumstances warrant." *Id.* The decision of which of the three *Vinson* options to use falls squarely within the district judge's sound discretion. *United States*

10

*v. Robinson*, 390 F.3d 853, 867 (6th Cir. 2004) (stating the decision is "the trial court's prerogative"). A change from the provisional admission option, historically employed in this District, is not warranted when the proponents of the pretrial hearing offer only "general and vague objections" that "demonstrate no specific prejudice" resulting from the use of the provisional admission option. *United States v. Martin*, No. 3:07-CR-51, 2008 WL 152900, at *3 (E.D. Tenn. Jan. 14, 2008).

In the instant case, the Defendants argue that presenting the statements of coconspirators without first showing that they participated in a conspiracy with the other alleged coconspirators would taint the jury with the evidence of the conspiracy. The Court finds that the Defendants' taint or spillover objection could be raised in every case in which a conspiracy is charged. The Defendants essentially argue that if the Government fails to prove that they participated in the charged conspiracy, then their right to confrontation would be violated by the admission of a coconspirator statement that is not admissible under Rule 801(d)(2)(E). The Defendants contend they would then be prejudiced by the admission of inadmissible evidence. The Defendants assert that such prejudice is specifically or particularly likely in this case because the factual bases in the codefendants' plea agreements suggest that they are "outliers" with minimal connection to the participants in the conspiracy. However, the Court observes, and the Government confirms, that the facts stated in the codefendants' plea agreements are not the whole of the Government's evidence.[4] The Court finds the Defendants have "demonstrate[d] no specific prejudice" resulting from the use of the provisional admission option in this case. *See Martin*, 2008 WL 152900, at *3.

---

[4] Since the motion hearing, Defendant Rouse has entered into a plea agreement [Doc. 272], which includes facts stating his involvement with two codefendants whose plea agreements do not reciprocally name Defendant Rouse.

11

The Court has considered the Defendants' arguments and finds no reason to depart from the traditional provisional admission approach in this case. Because the Defendants' motion relates directly to trial procedures and/or the admissibility of evidence at trial, the Court defers to the historical practice employed in this District of permitting the Government to present the statement before proving the conspiracy and then instructing the jury that the Government must prove the conspiracy before it can consider the statement. Accordingly, the Defendants' Motion for Hearing to Determine the Existence of Conspiracy [**Doc. 247**] is **DENIED**.

### IV. PRETRIAL NOTICE OF INTENT TO USE 404(b) AND IMPEACHMENT EVIDENCE

The Court considers the Defendants' final two motions [Docs. 249 & 250] together. First, the Defendants ask [Doc. 249] the Court to order the Government to provide written pretrial notice, at least thirty days before trial, of any other crimes, wrongs, or acts the Government intends to introduce at trial. They argue that this notice is necessary to permit them to object to the admissibility of the proposed 404(b) evidence and to prepare to defend against it. They also request an off-the-record, jury-out hearing before the introduction of any 404(b) evidence, either through direct testimony or cross-examination, to determine whether the probative value of this evidence substantially outweighs its prejudicial effect. The Government responds [Doc. 256] that it will comply with the Court's Order on Discovery and Scheduling and provide, seven days before trial, general notice of any 404(b) evidence it intends to offer at trial.

Pursuant to Rule 12(b)(4)(B) of the Federal Rules of Criminal Procedure, the Defendants also move [Doc. 250] the Court to require the Government to give written pretrial notice of any impeachment evidence that it intends to use at trial pursuant to Rule 609 of the Federal Rules of Evidence. The Defendants ask that the Government provide this notice at least thirty days before trial so that they can object to its admissibility and prepare to defend against it at trial. The

12

Government responds [Doc. 255] that it is not required to disclose impeaching material, unless it is also exculpatory. It contends that if impeachment material exists, it will be provided to the Defendants five days before trial, unless it is also Jencks material, in which case it will be provided in compliance with the Jencks Act.

At the motion hearing, Mr. McGovern characterized these two motions as a "housekeeping matter" in this case. He stated that the deadlines for the Government to provide notice of 404(b) evidence and other disclosures are typically set out in the Court's Order on Discovery and Scheduling but that no Order on Discovery and Scheduling was filed for Defendant John Cooper. Mr. McGovern stated that he was requesting the seven-day deadline for notice of 404(b) evidence typically imposed by the Court. Mr. Wojcik said that no Order on Discovery and Scheduling was filed with regard to Defendant Mark Rouse. He stated that while the Defendants' motion asks for notice thirty days in advance of trial, he would not object to the seven days normally granted in the Order. Mr. Gulley was not aware of whether an Order on Discovery and Scheduling was filed for Defendant Hickman.

With regard to the motion for notice of Rule 609 impeachment evidence, Mr. McGovern stated that the motion refers to impeachment evidence relating to the Defendants. He acknowledged that the Government had already provided some impeachment evidence and requested a deadline for the provision of all Rule 609 evidence relating to the Defendants. Defense counsel indicated that they would have no objection to the Court imposing the deadlines typically imposed in its standard scheduling order.

On April 10, 2018, the undersigned entered a standard Order on Discovery and Scheduling [Doc. 17] in this case, following the initial appearance of Defendants Leonard Brown and Derrick Seals on an Indictment. The Order on Discovery and Scheduling is styled "United States vs.

13

Leonard B. Brown, et al." The Order requires the Government to provide discovery and other information to the Defendants and sets certain deadlines. For example, the Order requires the Government to provide notice of 404(b)-type evidence it intends to introduce at trial seven days before trial [Doc. 17, ¶ I]. The Order also requires the Government to provide impeachment information on its witnesses, including prior convictions, in compliance with the Jencks Act [Doc. 17, ¶¶ E-F]. The Order also gives the trial date, the pretrial conference date and time, and the deadlines for filing and responding to pretrial motions and for the conclusion of plea negotiations. Defendants Hickman, Cooper, and Rouse were charged in the Superseding Indictment and did not enter the case until well after the Court's entry of the Order on Discovery and Scheduling on April 10, 2018. However, the discovery and disclosure deadlines imposed at that time, including the deadline for providing notice of any 404(b)-type evidence that is at issue here, unquestionably apply to the Government with respect to this case. Accordingly, the Defendants' suggestion that the Government presently has no deadline for providing notice *to them* of its intent to use 404(b) evidence is incorrect.

It was the practice of United States Magistrate Judge C. Clifford Shirley, Jr., to enter a new Order on Discovery and Scheduling naming additional defendants as they entered the case. The undersigned previously endeavored to continue this practice. However, United States Magistrate Judge H. Bruce Guyton enters a single Order on Discovery and Scheduling in each case and provides counsel of new defendants with a copy of that Order at the initial appearance and arraignment for their client. In the instant case, when the undersigned conducted the initial appearance and arraignments for Defendants Hickman, Cooper, and Rouse, the Court was assisted by Magistrate Judge Guyton's courtroom deputy, and no new Orders on Discovery and Scheduling naming these Defendants were filed. However, the undersigned deems the Government and all

14

Defendants to be bound by the initial Order on Discovery and Scheduling [Doc. 17], as modified by subsequent orders continuing the trial and other dates and deadlines.[5]

Rule 404(b) provides that upon the defendant's request, the government "shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice for good cause shown, of the general nature of any such evidence it intends to introduce at trial." Fed. R. Evid. 404(b). The Order on Discovery and Scheduling [Doc. 17, ¶I] states that "reasonable notice" under Rule 404(b) is deemed to be seven calendar days before trial unless the Court orders otherwise. At the motion hearing, the Defendants agreed that notice of 404(b) evidence seven days before trial is sufficient. Accordingly, the Motion for Pretrial Notice of Government's Intent to Use 404(b) Evidence [**Doc. 249**] is **DENIED as moot.**

Rule 609 of the Federal Rules of Evidence outlines the circumstances under which a party may impeach a witness with evidence of a criminal conviction. This rule does not require the government to give pretrial notice that it intends to use this type of evidence, except that it must give "reasonable written notice" of its intention to use a conviction of a defendant's that is over ten years old. *See* Fed. R. Evid. 609(b)(2). Here, the Defendants state that they are seeking pretrial notice of the Government's intent to use their own prior convictions, not that of defense witnesses whom the Government would have no way of identifying.[6] Rule 609(b)(2) requires the government to give a defendant "reasonable written notice of the intent to *use*" any convictions

---

[5] In future cases, the undersigned will also issue a single, master Order on Discovery and Scheduling following the initial appearance of the first defendant to enter the case. This Order will govern all parties to the case and a copy of this Order will be provided to those defendants entering the case at a later date.

[6] The Government has agreed [Doc. 255] to give notice of impeaching information that is both material and exculpatory five days before trial, unless the material is otherwise governed by the Jencks Act. The Court finds that this offer would not apply to the Defendants' prior convictions, which would not be exculpatory.

15

that are more than ten years old to impeach him or her at trial, should the defendant choose to testify. Rule 609(b)(2) (emphasis added). As with Rule 404(b) evidence, the Court deems reasonable notice to be *seven days* before trial. Accordingly, the Defendants' motion [**Doc. 250**] is **GRANTED in part**, in that if the Government intends to use any of Defendant Codie Hickman's or Defendant John Cooper's prior convictions that are more than ten years old to impeach these Defendants, if they testify at trial, it must give written notice of the particular conviction and its intent to use the conviction at least seven days before trial. If the admissibility of such evidence becomes an issue at trial, the parties shall, out of the presence of the jury, advise the Chief District Judge, so that the admissibility of the proposed evidence can be determined at that time. The Defendants' motion for written notice of impeachment evidence is otherwise denied.

## V. CONCLUSION

Accordingly, it is **ORDERED**:

(1) Defendant Hickman's and Cooper's motions to join [**Docs. 251 & 254**] in the motions of Defendant Rouse are **GRANTED**;

(2) The Defendants' joint Motion to Compel Government to Provide Defendant with Exhibit and Witness List in Advance of Trial [**Doc. 245**] is **DENIED**;

(3) The Defendants' Motion for Hearing to Determine the Existence of Conspiracy [**Doc. 247**] is **DENIED**;

(4) The Motion for Pretrial Notice of Government's Intent to Use 404(b) Evidence [**Doc. 249**] is **DENIED as moot**; and

(5) Motion for Pretrial Notice of Government's Intent to Use 609 Impeachment Evidence [**Doc. 250**] is **GRANTED in part**, in that the Government is **ORDERED** to provide written notice seven days before trial of any prior convictions of Defendants Codie Hickman and John Cooper, which convictions are ten years old or older, that the Government intends to use to impeach the Defendants at trial, should the Defendants testify.

16

**IT IS SO ORDERED.**

>                                ENTER:
>
>
>                                _____
>                                Debra C. Poplin
>                                United States Magistrate Judge