UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:18-CR-36-TAV-DCP-11 |
| MARK ROUSE, | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on defendant's pro se motion for compassionate release [Doc. 750]. The United States has filed a response in opposition [Doc. 804]. The matter is now ripe for adjudication. For the reasons set forth more fully below, defendant's motion for compassionate release will be **DENIED**.

**I.   Background**

On April 9, 2019, defendant pleaded guilty to conspiracy to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A) [Docs. 543, 544]. Defendant was sentenced to 57 months' imprisonment, to be followed by five years of supervised release [Doc. 698].

Since filing his motion, defendant has been placed on home confinement [Doc. 804-2] and is supervised out of RRM Nashville. Inmate Locator, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited September 3, 2021). Defendant is fifty-eight (58) years old and suffers from, among other ailments, hypertension [Doc. 805,

p. 23]. Defendant is scheduled for release on February 24, 2022. Inmate Locator, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited September 3, 2021).

## II. Legal Standard

A court generally lacks "the authority to change or modify [a sentence, once imposed,] unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (citing *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). The First Step Act of 2018's amendment of § 3582(c)(1)(A) revised one such exception. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018). Prior to the First Step Act, a district court could grant relief under § 3582(c)(1)(A) only on motion of the Director of the Bureau of Prisons. Now a court may modify a defendant's sentence upon a motion by a defendant if the defendant has exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or after the lapse of thirty (30) days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A).

If the defendant surmounts this preliminary hurdle, the Court may grant a sentence reduction "after considering the factors set forth in section 3553(a) to the extent that they are applicable" if it finds:

> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that

the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

*Id*.

If the exhaustion requirement is satisfied, courts must then follow the statute's three-step test:

> At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction. At step two, a court must "find[ ]" whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13. Thus, if § 1B1.13 is still "applicable," courts must "follow the Commission's instructions in [§ 1B1.13] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." At step three, "§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."

*United States v. Jones*, 980 F.3d 1098, 1107-08 (6th Cir. 2020) (internal citations omitted). "In cases where incarcerated persons [as opposed to the Bureau of Prisons] file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Id.* at 1111. In considering a compassionate release motion, "district courts may deny compassionate release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others" but must "address all three steps" if granting such a motion. *United States v. Elias*,

3

984 F.3d 516, 519 (6th Cir. 2021). However, as no policy statement applies to defendant-filed motions for compassionate release, the second requirement plays no role. *Id.*

## III. Analysis

### A. Section 3582(c)(1)(A)'s Preliminary Threshold to Relief: Exhaustion

The Court examines first whether defendant has satisfied § 3582(c)(1)(A)'s exhaustion requirement, which is a mandatory prerequisite to consideration of a compassionate release request on the merits. *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020). "When 'properly invoked,' mandatory claim-processing rules 'must be enforced.'" *Id.* at 834 (quoting *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 17 (2017)). The only exceptions to such a mandatory claim-processing rule are waiver and forfeiture. *Id.* (citing *United States v. Cotton*, 535 U.S. 625, 630 (2002)).

The United States waives the exhaustion requirement in this case [Doc. 804]. Thus, the Court may consider the merits of defendant's request.

### B. Extraordinary and Compelling Reasons

As noted above, the Court need not consider all three statutory prerequisites if any one would serve as a basis for denial. *Elias*, 984 at 519. In this instance, the Court finds that defendant has not established extraordinary and compelling reasons for compassionate release. In reaching this decision, the Court recognizes that it has discretion to determine what constitutes extraordinary and compelling reasons. *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020).

4

Defendant contends that compassionate release is appropriate because his medical conditions, including hypertension, place him at increased risk from the ongoing COVID-19 pandemic. Since the filing of the instant motion, the Bureau of Prisons placed defendant on home confinement [Doc. 804-2]. In light of this fact, the Court finds defendant's generalized concerns about COVID-19 unpersuasive. Defendant is no longer housed in a BOP facility, which allows defendant to utilize social distancing and other protective measures against the ongoing pandemic as he deems appropriate. Defendant's medical records indicate that he does suffer from hypertension, but his records also indicate that after starting blood pressure medication his "blood pressures have been within goal." [Doc. 805, p. 3]. Thus, the Court finds that defendant's medical condition is not so exceptional as to warrant compassionate release from home confinement.

Accordingly, the Court finds that defendant has not satisfied the extraordinary and compelling requirement needed for compassionate release, and his motion for compassionate release will be **DENIED**.

## IV. Request to Appoint Counsel

Defendant's motion also asks the Court to appoint counsel to assist him with compassionate release litigation [Doc. 759]. The Court notes that Standing Order 21-09 appoints Federal Defender Services of East Tennessee ("FDSET") to assist defendants, in appropriate cases, with compassionate release motions. In light of that fact, defendant's request to appoint counsel is **DENIED as moot**.

## V. Conclusion

For the reasons set forth more fully above, defendant's motion for compassionate release [Doc. 759] is **DENIED.**

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE